IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIX ENERGY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-01451-N |
| | § | |
| WILLIAM D. AVERETT, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This Order addresses Defendant William D. Averett's motions to dismiss, filed May 30, 2013 [doc. 7]. Because the Court finds a sufficient basis for the exercise of personal jurisdiction over Averett, the Court denies the Rule 12(b)(2) motion to dismiss. Because of specificity deficiencies in Plaintiff AIX Energy's fraud claim, the Court grants Averett's Rules 12(b)(6) and 9(b) motion to dismiss. This dismissal is without prejudice, and the Court grants AIX Energy leave to file an amended complaint that complies with Rule 9(b) within 30 days of this Order.

### I. FACTUAL BACKGROUND OF THE FRAUD CLAIM: THE 2009 LEASE AND THE DELANEY #1 WELL-BORE

This is a civil action brought by AIX Energy, Inc. ("AIX Energy"), a Texas corporation, against William D. Averett, a resident of Colorado, both in his individual capacity and in his representative capacity as the trustee of The Henry D. and Elizabeth Averett Revocable Living Trust (the "Trust"). Pl's Compl. ¶¶ 4–5 [1]. In 2009, AIX Energy

entered into an oil, gas, and mineral lease with the Trust (the "2009 Lease"), allowing AIX Energy to explore for oil and gas on an approximately 120-acre tract of land in Louisiana. *Id.* ¶ 8.

AIX Energy claims that the 2009 Lease purported to lease a specific well-bore, Delaney #1, to AIX Energy, and that Averett misrepresented the Trust's authority to lease this well-bore. *Id.* ¶¶ 1, 9, 16. According to AIX Energy, the right to utilize and recomplete the Delaney #1 well-bore was a material inducement in entering into the 2009 Lease. *Id.* ¶ 10. The 2009 Lease includes a provision, which states: "A successful recompletion of the Pinnacle Operating Co., Inc. – SMK A SUB; Delaney #1 wellbore in the Taylor or Haynesville Foundation shall satisfy Lessee's obligation to drill such second well." Def's Reply Brief in Support of Defendant's Rule 12 Motions ("Def's Reply") 3 [14]. But the Delaney #1 well-bore was plugged in 2010 by an entity known as Pinnacle Operating, Inc., and AIX Energy was unable to use the well-bore. Pl's Compl. ¶¶ 2, 12–13. AIX Energy claims that it believed that the Trust owned the rights to the Delaney #1 well-bore and it incurred substantial operation costs pursuant to the 2009 Lease that it would not have expended had it been aware that it would not be able to use the Delaney #1 well-bore. *Id.* ¶ 14.

## II. THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT AVERETT

Averett first moves to dismiss this case under Rule 12(b)(2) for lack of personal jurisdiction.

### A. Personal Jurisdiction Legal Standard

A nonresident defendant is subject to the jurisdiction of a federal court sitting in diversity if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant and (2) exercise of personal jurisdiction by the forum state is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). "Because Texas's long-arm statute has been interpreted to extend to the limits of due process, we only need to determine whether subjecting [the nonresident defendant] to suit in Texas in this case would be consistent with the Due Process Clause of the Fourteenth Amendment." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012) (citing *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)).

The Due Process Clause of the Fourteenth Amendment limits the reach of a state court's – and thus a federal court's – jurisdiction over a nonresident defendant. *See Shaffer v. Heitner*, 433 U.S. 186, 207 (1977). But a state "may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252

F.3d 352, 358 (5th Cir. 2001). For specific jurisdiction, at issue here, a plaintiff must show that "(1) there are sufficient (i.e., not random fortuitous or attenuated) pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts." *Pervasive Software*, 688 F.3d at 221 (citations and internal quotation marks omitted). After the plaintiff has made such a showing, the defendant can still defeat the exercise of specific jurisdiction by showing "that it would fail the fairness test, i.e., that the balance of interest factors show that the exercise of jurisdiction would be unreasonable." *Id.* at 221–22 (citations and internal quotation marks omitted). "When determining the fundamental fairness issue this court will normally examine (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 630 (5th Cir. 1999) (citations omitted).

AIX Energy, as the party seeking to invoke the Court's power, bears the burden of establishing the Court's jurisdiction over Averett. *See Pervasive Software*, 688 F.3d at 219. If a district court decides a motion to dismiss without holding an evidentiary hearing, a prima facie case suffices to establish jurisdiction. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). A court must take uncontroverted allegations in the complaint as true, and it must resolve all

factual conflicts in favor of the plaintiff.  *Pervasive Software*, 688 F.3d at 219–220 (citing *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004)).  In deciding the motion, a court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."  *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (citation omitted).

### B. The Alleged Tortious Conduct in or Directed at Texas is Sufficient to Establish Specific Personal Jurisdiction

The following events are sufficient to establish a firm basis for the exercise of specific personal jurisdiction: Averett's communications with AIX Energy representatives in Dallas, Texas regarding the negotiation of the 2009 Lease, which included numerous telephone discussions and email exchanges; Averett's attendance of two meetings in Dallas with AIX Energy representatives regarding the 2009 Lease; and Averett's personal delivery of the signed 2009 Lease to an AIX Energy representative at one of these meetings in Dallas.

"[M]ore than 25 years of Fifth Circuit jurisprudence holds that a single communication by a nonresident defendant aimed at the forum state is enough to satisfy the purposeful availment requirement of the due process minimum contacts inquiry where the content of the communication gives rise to a claim of fraud."  *Staton Holdings, Inc. v. Hilton Apparel Grp.*, 2007 WL 1964635, at *4 (N.D. Tex. 2007) (citations omitted); *see also Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999) ("When a nonresident defendant commits a tort within the state, or an act outside the state that causes tortious injury within the state, that tortious conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit courts within that state, including federal courts, to

exercise personal adjudicative jurisdiction over the tortfeasor and the causes of actions arising from its offenses or quasi-offenses." (citations omitted)).

Averett argues this Court lacks personal jurisdiction over this case because AIX Energy "has failed to come forward with any evidence whatsoever that Mr. Averett made any fraudulent statements, or engaged in any tortious conduct in Texas." Def's Reply 4 [14]. But whether AIX Energy has adequately stated a claim for relief and whether he has stated his fraud claim with enough specificity should be analyzed under Rules 12(b)(6) and (9)(b). *See, e.g.*, *Vanderbilt Mortgage & Fin., Inc. v. Flores*, 2010 WL 1875799, at *4–9 (S.D. Tex. 2010). For the purposes of Rule 12(b)(2), AIX Energy has established a prima facie case for personal jurisdiction being reasonable as a result of alleged tortious conduct that was both directed at and occurred in Texas.

Furthermore, Averett has not adequately shown that the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. Averett does not provide a compelling argument for why it would be burdensome for him to litigate in Texas, especially in comparison to another potential forum like Louisiana. Additionally, Averett is incorrect in asserting that "Texas does not have a strong enough interest in resolving a dispute over Louisiana wells, under a Louisiana lease, which are governed by Louisiana law and regulations, involving a plaintiff with a substantial presence in Louisiana, to justify keeping this action here." Def's Reply 6–7 [14]. A state has an interest in providing its residents with a convenient forum to resolve disputes, especially disputes involving tortious conduct in or directed at that state. *See, e.g.*, *Guidry*, 188 F.3d at 631;

*Harris v. Lathrop & Gage, LLP*, 2012 WL 2958280, at \*4 (S.D. Tex. 2012). Averett also argues that it would be convenient for AIX Energy to litigate this case, as well as obtain effective relief, in Louisiana. But this argument does not establish the proposition that it would be unfair or unreasonable to litigate this case in Texas.

Thus, for the reasons provided above, the Court denies Averett's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.

### III. AIX ENERGY'S COMPLAINT SUFFERS DEFICIENCIES UNDER RULE 9(B)

Averett moves to dismiss AIX Energy's fraud claim under Rules 12(b)(6) and 9(b) for failing to state a claim upon which relief can be granted and failing to plead fraud with particularity. The Court treats these two motions as coupled together in its analysis.[1]

#### *A. Legal Standard for Rule 12(b)(6) and Rule 9(b)*

When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts

---

[1] As explained by Wright & Miller:

> Since Federal Rule 9(b) does not expressly authorize a motion for its enforcement, a challenge to a pleading based on insufficient particularization of the circumstances of an alleged fraud typically is packaged with a motion to dismiss (Rule 12(b)(6)), or a motion for a more definite statement (Rule 12(e)), or a motion to strike (Rule 12(f))

5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1300 (3d ed. 2004).

ORDER – PAGE 7

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Fraud claims, including claims based on alleged misrepresentations, must also comply with the supplemental pleading requirements of Rule 9(b), which requires that "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(B). "Traditionally, we have held that pleading fraud with particularity requires that '[a]t a minimum . . . a plaintiff [must] set forth the "who, what, when, where, and how" of the alleged fraud.'" *United States ex rel. Nunnally v. W. Calcasieu Cameron Hosp.*, 519 F. App'x 890, 892–93 (5th Cir. 2013) (alterations in original) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

ORDER – PAGE 8

### B. AIX Energy is Ordered to File an Amended Complaint that Cures the Deficiencies Present in the Original Complaint

The Court finds that AIX Energy's complaint is deficient under 9(b) in at least two regards.

First, the complaint does not specify whether the 2009 Lease is the only source of misrepresentation or whether other misrepresentations – oral or written – were made as well (and, if so, when, where, and to whom were they made?). The complaint is very general in asserting that misrepresentations were made about the Trust's authority to lease the Delaney #1 well-bore, but the complaint fails to specify whether the misrepresentations come from just the 2009 Lease or whether other specific instances of misrepresentation occurred. AIX Energy must identify all specific misrepresentations at issue and the surrounding circumstances of each occurrence.

Second, the complaint lacks an explanation or theory for how and why the language in the 2009 Lease was fraudulent. For example, AIX Energy claims that Averett "purported to lease to AIX [Energy] the right to utilize an existing well-bore named the Delaney #1." Pl's Compl. ¶ 1. If such misrepresentations were contained in the 2009 Lease – as claimed by AIX Energy, *see* Pl's Resp. to Def's Rule 12 Mots. to Dismiss 10 – then AIX Energy needs to identify the exact language at issue and explain why this language was a fraudulent misrepresentation.

Thus, the Court grants AIX Energy leave to submit an amended complaint that complies with Rule 9(b).[2] AIX Energy must file this amended complaint within 30 days of the date of this Order.

## CONCLUSION

The Court denies Averett's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. The Court grants Averett's Rules 12(b)(6) and 9(b) motion to dismiss without prejudice, and grants leave to AIX Energy to file an amended complaint that complies with Rule 9(b) within 30 days of this Order.

Signed November 25, 2013.

_____
David C. Godbey
United States District Judge

---

[2]*See* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1300 (3d ed. 2004) ("[A]n insufficient allegation of fraud or mistake under Rule 9(b) is subject to the liberal amendment provisions of Federal Rule 15, and . . . numerous cases have applied the two rules together. The result is that in most instances, when a motion based on a lack of sufficient particularity under Rule 9(b) is granted, whether or not coupled with a motion to dismiss, it will be with leave to amend the deficient pleading.").